IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES BOWMAN,

    Plaintiff,

v.                                                                                        Civil Action No. **3:08CV449**

**GENE JOHNSON**, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c). Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss a claim for relief in a prisoner's complaint if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A; 42 U.S.C. 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Plaintiff is a morbidly obese inmate with a history of hip problems. Claims Three and Four of Bowman's complaint concern his treatment at the Southhampton Memorial Hospital ("the Hospital") on November 20, 2007. On that date Nurse Ramos, who was employed by the Hospital, requested to check Plaintiff's sugar levels.[1] Plaintiff refused to allow Nurse Ramos to check his sugar levels. Therefore, Nurse Ramos refused to serve Plaintiff breakfast.

Nurse Ramos came back at lunch time and asked Plaintiff whether he was going accept medical treatment. Plaintiff said no. Nurse Ramos then told Plaintiff that he could not have lunch. Lieutenant Powell, who was in the room, remarked that Plaintiff would not be provided with dinner. Plaintiff then agreed to allow Nurse Ramos to check his sugar levels and apparently was provided with lunch and dinner. Plaintiff wrote a letter to Gene Johnson, the Director of the Virginia Department of Corrections, complaining that Nurse Ramos, Lieutenant Powell, and Correctional Officer Barnes[2] had violated his rights by denying him meals unless he accepted unwanted medical treatment.

---

[1] Documents attached to the complaint indicate that medical staff had determined that Plaintiff's glucose levels should be checked prior to meals.

[2] Correctional Officer Barnes also was in the room.

3

In Claims Three and Four, Plaintiff contends that the foregoing actions violated his rights under the Eighth[3] and Fourteenth Amendments.[4]

## Analysis

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381). Plaintiff did not sustain any significant injury from the lack of a single meal. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993). Accordingly, it is RECOMMENDED that the Eighth Amendment aspects of Claims Three and Four be DISMISSED.

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1.

4

Plaintiff also contends that refusal to provide him with meals unless he agreed to allow his sugar level to be checked amounted to a violation of substantive due process under the Fourteenth Amendment. "Only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 574 (4th Cir. 2001) (*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Declining to provide Plaintiff with a few meals unless he submitted to a medically required and minimally intrusive blood test does not shock the conscience. *See Breithaupt v. Abram*, 352 U.S. 432, 437 (1957) (concluding, in the context of drunk driving investigation, "a blood test taken by a skilled technician is not such conduct that shocks the conscience" (internal quotations omitted)). Moreover, even if the foregoing allegations stated a violation of Plaintiff's Fourteenth Amendment rights, the claim would be subject to dismissal because it was rationally related to the legitimate penological objective of providing appropriate and efficient medical care. *See Russell v. Richards*, 384 F.3d 444, 447-48 (7th Cir. 2004); *Davis v. Agosto*, 89 F. App'x 523, 528 (6th Cir. 2004) (No. 02-6141), *available at* 2004 WL 376833, at *5; *cf. Sullivan v. Bornemann*, 384 F.3d 372, 378 (7th Cir. 2004) (concluding state's interest in ensuring medical stability of pretrial detainee outweighed detainee's right to refuse catheterization procedure). Accordingly, it is RECOMMENDED that Claims Three and Four be DISMISSED. It is RECOMMENDED that Plaintiff be allowed to proceed with his remaining claims. Because Defendants Ramos, Powell, Barnes, and Johnson are named only in conjunction with Claims Three and Four, it is RECOMMENDED that they be DISMISSED as parties to this action.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's

findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Date: 12/16/08
Richmond, Virginia