# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division



F I L E D
MAR 26 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JAMES BOWMAN,         )
                         )
     Plaintiff,        )
                         )
v.                   )     Civil Action No. 3:08CV449-HEH
                         )
GENE JOHNSON, *et al.*,    )
                         )
     Defendants.     )

## MEMORANDUM OPINION
**(Dismissing Without Prejudice Claims Against Defendant Hays, Denying
Motions To Dismiss, And Denying Motion For Summary Judgment)**

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action alleging various Eighth

Amendment violations. Plaintiff is an obese inmate with a history of hip problems which he

contends were not adequately accommodated by prison officials. The matter is before the Court

to require Plaintiff to show cause why his claim against Defendant Hays should not be dismissed

for failure to effect service, Defendants Toney's and Sykes's motions to dismiss, and Defendant

Thomas's motion for summary judgment.[1]

---

[1] Plaintiff names as Defendants the following individuals: Cathy Thomas, Health Care
Administrator for the Eastern Region of the Virginia Department of Corrections ("VDOC"); Mr.
Hays, Medical Supervisor; Shawn Sykes, a nurse at Coffewood Correctional Center ("CWCC");
Dr. Toney, a physician at Powhatan Medical Unit ("PMU"); Rosanne Connor, a nurse at
Deerfield Correctional Center ("DCC"); Dr. I.S. Manickavasagar, a physician at DCC; and Dr.
William Henceroth, an orthopedic surgeon at DCC. Plaintiff named four other individuals in
conjunction with his third and forth claims for relief, which were dismissed by Memorandum
Opinion and Order entered on February 3, 2009.
    The Court uses the titles and spellings of Defendants' names as reflected in their
submissions. The Clerk is DIRECTED to correct the spelling of Defendant Toney's name on the
Court's docket. The Court has corrected the capitalization in the quotations in Plaintiff's
submissions.

## I. Failure To Serve Defendant Hays

Under Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve the defendants within 120 days from the filing of the complaint or state good cause for his failure to do so. Here, that period commenced on March 19, 2009.[2] On March 26, 2009, Plaintiff requested leave to proceed *in forma pauperis*. On May 22, 2009, the Court granted Plaintiff leave to proceed *in forma pauperis* and directed the Marshal to attempt to serve Defendant Hays at Coffewood Correctional Center ("CWCC"), the address Plaintiff had provided for Defendant Hays. On July 8, 2009, the Marshal returned the summons for Hays unexecuted. The Marshal noted that Defendant Hays had been transferred to a county jail in Florida. The Marshal also noted on his return the phone number for Defendant Hays's employer, Armor Health Services in Miami, Florida.

On July 24, 2009, the Court received a request from Plaintiff to direct the Marshal to serve process on Defendant Hays at the county jail in Miami, Florida. Plaintiff had not provided the Court with a street address for this jail or any indication that he had contacted Armor Health Services at the phone number provided by the Marshal in order to ascertain the address of the jail where Defendant Hays worked. On August 6, 2009, the Court directed Plaintiff to provide the address where Defendant Hays could be served and show good cause for his failure to serve

---

[2] By Memorandum Order entered on that date, the Court informed Plaintiff that it had completed initial review of the complaint and that he was responsible for serving the defendants. By letter dated April 17, 2009, the Attorney General's Office for the Commonwealth of Virginia informed the Court and Plaintiff that it could not accept service of process for Defendant Hays because he was not employed directly by the VDOC.

Defendant Hays within the time required by Rule 4(m).[3]

In response, Plaintiff notes that he has attempted via a "3-way" phone call with his family to contact the County Jail in Miami, Florida to obtain Defendant Hays's current address, but he was unsuccessful. Plaintiff contends that he has done everything in his power to serve Defendant Hays. Plaintiff suggests that the Court utilize the phone number provided by the Marshal Service to ascertain where Defendant Hays can be served or to simply serve Defendant Hays at the jail in Miami, Florida.

First, the number provided by the Marshal was for Armor Health Services, not a jail in Miami, Florida. Second, the note from the Marshal indicated that Defendant Hays is working at a jail somewhere in Florida, not the jail for the City of Miami.[4] Furthermore, Plaintiff cannot lay the fault for not obtaining a proper address for Defendant Hays on the Court or the Marshal. "[N]either the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." *DeRoche v. Funkhouser*, No. 2:06cv01428, 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). It is well established that

---

[3] Good cause is shown when the plaintiff demonstrates that "he made reasonable, diligent efforts to effect service on the defendant." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999) (internal quotation marks omitted) (quoting *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). "Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service" generally are insufficient to show good cause. *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992).

[4] Contrary to Plaintiff's suggestion, Miami-Dade County has multiple jails and correctional facilities. http://www.miamidade.gov/corrections/.

Plaintiff is responsible for providing the Court and the Marshal the proper address for serving a defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *Beck v. Nutakor*, No. 0:04cv00686, 2008 WL 512706, at *2 (D. Minn. Feb. 25, 2008). Plaintiff's vague allegations about calling his family for assistance do not show that he made diligent efforts to obtain Defendant Hays's address after Plaintiff learned Defendant Hays could not be served at CWCC. Accordingly, all claims against Defendant Hays will be dismissed without prejudice.

## II. THE MOTIONS TO DISMISS BY DEFENDANTS TONEY AND SYKES

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## A.   Summary Of Pertinent Allegations[5]

On October 2, 2007, Plaintiff was taken from CWCC to Fauquier Hospital for left-hip replacement surgery. On October 5, 2007, Plaintiff was returned to CWCC. Plaintiff's discharge instructions stated that Plaintiff could not use low seats, including toilets. Nevertheless, upon

---

[5] The Court has recited only those allegations and claims that are pertinent to the dispositive motions that are currently before the Court.

returning to CWCC, Plaintiff was not provided with a toilet seat heightener. Plaintiff attempted to use the toilet in his cell, but he fell and hit his arm and back. Plaintiff told Defendant Sykes that he had fallen attempting to use the toilet in his cell. Defendant Sykes responded, "So what you want me to do?" (Compl. Claim 2, 2.) Plaintiff said "Get me a toilet heightener!" (Compl. Claim 2, 2.) Defendant Sykes responded that the institution did not have a toilet seat heightener and walked away.

Later that day, Plaintiff again attempted to use the toilet, but he fell and struck his left hip. Plaintiff was returned to the Fauquier Hospital. Upon his return from the hospital, Plaintiff still was not provided with a toilet seat heightener. Plaintiff beat on his cell door and informed Defendant Sykes that he needed to use the bathroom and he could not hold it any longer. Defendant Sykes allegedly told Plaintiff to either use the toilet in his cell or go to the bathroom in his pants. Plaintiff defecated in his pants. Plaintiff asked Defendant Sykes for a shower. Defendant Sykes told Plaintiff no. Plaintiff contends that Defendant Sykes's supervisor also denied his request for a shower. Plaintiff remained in his cell for two days with his lower body, including his recent surgical wound, covered in his own waste.

On October 23, 2007, Plaintiff fell and once again dislocated his left hip.[6] Plaintiff was taken to Fauquier Hospital. After Plaintiff's hip was realigned back into place, Plaintiff was transferred to the Powhatan Medical Unit ("PMU"), under the care of Dr. Toney.

Upon arriving at PMU, Plaintiff informed Dr. Toney that the surgeon from the hospital had said that Plaintiff required a trapeze bar above his bed and a toilet seat heightener. Dr. Toney

---

[6] Plaintiff vaguely suggests that the fall was attributable to a lack of a toilet heightener. (Compl. Claim 2, 5.) Yet, the documents to which Plaintiff directs the Court indicate his fall occurred in the shower. (Compl. Ex. 82.)

informed Plaintiff that he really did not need that equipment, but that it was on order. Plaintiff asked Dr. Toney how he could get in and out of bed without the trapeze bar. Dr. Toney showed Plaintiff a method of getting in and out of bed. Plaintiff told Dr. Toney that such a method for getting in and out of bed would violate the hip precautions Plaintiff was supposed to follow. Dr. Toney responded that the method he showed Plaintiff would be fine.

A few days later, Plaintiff dislocated his left hip. Plaintiff was taken to the Medical College of Virginia ("MCV"). Medical personnel at MCV tried three times unsuccessfully to restore Plaintiff's hip. On November 3, 2007, Plaintiff was sent back to PMU with his hip still dislocated. Plaintiff's discharge instructions provided that Plaintiff should be promptly returned to MCV for a surgical follow-up on November 5, 2007. Nevertheless, Plaintiff remained at PMU with his hip dislocated for nine days. According to Plaintiff, Dr. Toney told the nursing staff not to help Plaintiff and that Plaintiff could make his own way to the bathroom by hopping on his good leg. Plaintiff alleges that he was in severe pain during the period that his hip was dislocated.

## B.    Summary Of Pertinent Claims

Plaintiff claims the following violations of his rights under the Eighth Amendment.[7]

| | |
|---|---|
| Claim 1 | Defendant Thomas failed to ensure that Plaintiff was housed at an appropriate facility with appropriate medical equipment after Plaintiff's October 2, 2007 hip surgery. |
| Claim 2 | Defendants Hays and Sykes violated Plaintiff's rights under the Eighth Amendment when they failed to provide Plaintiff with adequate toilet facilities after Plaintiff's October 2, 2007 hip surgery. |

---

[7] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

Claim 5    When Plaintiff was transferred to PMU, Defendant Toney failed
           (a)    to provide Plaintiff with the medical equipment and the assistance
                  his prior physician had requested; and,
           (b)    to provide adequate medical care after Plaintiff's hip popped out of
                  place and he was discharged back to PMU on November 3, 2007.

## C.    Defendant Sykes's Motions To Dismiss

In her first motion to dismiss, Defendant Sykes relies heavily upon a medical record that

she authored and which Plaintiff attached to the complaint. (Compl. Claim 1, Ex. 61.) Contrary

to Defendant Sykes's contention, the Court cannot consider the content of this medical record

simply because it was attached to the complaint. *See Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d

801, 806-07 (E.D. Va. 2009). In order to be considered at this stage the medical record must be

"integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.* 572 F.3d 176, 180

(4th Cir. 2009) (citing *Blankenship v. Manchin,* 471 F.3d 523, 526 n. 1 (4th Cir. 2006)). Under

the first requirement, "the referenced document [must] be central or integral to the claim in the

sense that its very existence, and not the mere information it contains, gives rise to the legal

rights asserted." *Walker*, 517 F. Supp. 2d at 806. In *Walker*, the Court refused to allow Plaintiffs

to utilize a newspaper article to fill holes in the complaint because the article "does not give rise

to the causes of action alleged in the complaint, nor is it central or integral to those causes of

action." *Id.*

Defendant Sykes fails to demonstrate that the medical record is integral or gives rise to

Plaintiff's claims against her.[8] *See id.* Rather, as with the newspaper article in *Walker*, the

---

[8] In that record, Defendant Sykes indicates that Plaintiff agreed to use two stacked chairs
with a bed pan instead of a toilet seat heightener. She further relies upon the record to support
her contention that she told Plaintiff to use the call bell to summon help in moving around his
cell.

medical record "merely reports information of questionable reliability." *Id.* Indeed, Plaintiff

challenges the factual allegations within the medical record. Specifically, Plaintiff contends that

Defendant Sykes did not provide him a bed pan and refused to provide him with assistance in

getting out of bed. (Pl.'s Br. in Opp'n to Sykes's Mot. to Dismiss 3-4, 8). Under these

circumstances, and because Defendant Sykes has made no effort to explain how the Court can

consider the document under the governing jurisprudence, the medical record will not be

considered in deciding the motion to dismiss. *Cf. N. Ind. Gun & Outdoor Shows, Inc. v. City of*

*South Bend*, 163 F.3d 449, 456 (7th Cir. 1998) (concluding district court not required to accept as

true contents of letters written by defendant simply because plaintiff attached the letters to his

complaint).

### 1.     Eighth Amendment Claims

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest:

(1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2)

that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson*

*v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298

(1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A medical need is 'serious' if it is 'one that has

been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in

treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v.*

*Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth County Corr. Inst'l Inmates*

9

*v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)). "Deliberate indifference is a very high standard-a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06). Deliberate indifference requires the plaintiff to allege facts that suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Furthermore, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). *Cf. Estelle*, 429 U.S. at 104 n.10 (quoting *Williams v. Vincent*, 508 F.2d 541 (2d Cir. 1974) for the proposition that a "doctor's choosing the 'easier and less efficacious treatment' of throwing away the prisoner's ear and stitching the stump may be attributable to 'deliberate indifference . . . rather than an exercise of professional judgment'") (alteration in original).

The complaint indicates that a physician determined that Plaintiff required a raised toilet seat. The failure to provide such an accommodation resulted in Plaintiff failing and injuring his hip, which caused severed pain. Such allegations are sufficient to demonstrate that Plaintiff has a serious medical need for a toilet seat heightener. *See Coppage*, 906 F. Supp. at 1037. The allegations are sufficient to indicate that Defendant Sykes knew that Plaintiff faced a substantial risk of serious harm in the absence of a toilet seat heightener, but simply disregarded the risk. *See Francis v. Woody*, 3:09cv00235, 2009 WL 1442015, at *8 (E.D. Va. May 22, 2009). Furthermore, Defendant Sykes's continued refusal to provide adequate toilet facilities for

Plaintiff also satisfies the objective and subjective components of an Eighth Amendment claim. Such actions resulted in Plaintiff sitting in his own waste for two days, shortly after Plaintiff had hip surgery.[9] *See LaFaut v. Smith*, 834 F.2d 389, 392-94 (4th Cir. 1987) (knowing failure to provide adequate toilet facilities to paralyzed wheelchair-bound prisoner violated Eighth Amendment); *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (citing cases for the proposition that "[e]xposure to human waste, like few other conditions of confinement, evokes both . . . health concerns . . . and the more general standards of dignity embodied in the Eighth Amendment"). Accordingly, Defendant Sykes's motion to dismiss Plaintiff's Eighth Amendment claims will be denied.

### 2. State Law Claims

Defendant Sykes also has moved to dismiss Plaintiff's state law claim of medical malpractice or medical negligence. The Court does not read Plaintiff's single passing comment that Defendant Sykes was "negligent" to raise a claim for relief under state law.[10] *See Beaudett*, 775 F.2d at 1278 (concluding that courts should not "construct full blown claims from sentence fragments"). Accordingly, it is unnecessary to address Defendant Sykes's arguments pertaining

---

[9] Defendant Sykes suggests that she cannot be liable for the failure to provide a toilet seat heightener because there were not any such devices at CWCC. She is incorrect. Under the Eighth Amendment, Defendant Sykes was obliged to take some action to address the problem. *See Farmer*, 511 U.S. at 847 (concluding prison official may be held liable when he knows an "inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). The complaint indicates that Defendant Sykes took no action whatsoever. Such allegations are sufficient to support an Eighth Amendment claim. *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 773 (4th Cir. 2003).

[10] In his complaint, Plaintiff does not indicate that he is invoking the Court's supplemental jurisdiction. Furthermore, in his response to the motion to dismiss, Plaintiff does not address Defendant Sykes's arguments pertaining to state law claims for negligence.

11

to negligence and medical malpractice. In this regard, the Court notes that Defendant Sykes has filed a second motion to dismiss asserting that Plaintiff's claims must be dismissed because he failed to comply with the requirements of the Virginia Medical Malpractice Act ("VMMA") to obtain a certificate from an expert prior to pursuing a medical malpractice claim. *See* Va. Code § 8.01-20.1 (West 2010). Defendant Sykes does not cite any authority for the proposition that the foregoing statute applies to Plaintiff's Eighth Amendment claims. Accordingly, Defendant Sykes's motion for dismissal for lack of compliance with section 8.01-20.1 of the Virginia Code will be denied without prejudice.

### D.     Defendant Toney's Motion To Dismiss

The allegations in the complaint are sufficient to indicate that Plaintiff had a serious medical need for a trapeze bar and toilet seat heightener that Plaintiff's prior physicians had prescribed. *See Coppage*, 906 F. Supp. at 1037. Dr. Toney contends that the complaint refutes the notion that he was indifferent to these needs because the items were on order and he showed Plaintiff a method for exiting his bed without the trapeze bar. The Court disagrees. First, there is no indication that Dr. Toney offered Plaintiff any means of abating the risk associated with the lack of a toilet seat heightener in the interim before such a seat arrived. *See Brown v. Lamanna*, 304 F. App'x 206, 208 (4th Cir. 2008) (No. 08-6840) (citing *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995)); *see Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002); *Martinez v. Mancusi*, 443 F.2d 921, 924 (2d Cir. 1970) (concluding prison doctors may violate the Eighth Amendment when they simply ignore orders of prior physician). Second, according to Plaintiff, Dr. Toney knew the interim method he suggested for exiting the bed was inconsistent with the precautions Plaintiff's surgeons had directed him to follow. *Mandel v. Doe*, 888 F.2d

783, 789 (11th Cir. 1989) ("When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." (*citing Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985); *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978))). Considering Plaintiff's history of repeated falls and Defendant Toney's refusal to allow medical staff to assist Plaintiff in moving, Plaintiff has adequately alleged an Eighth Amendment claim against Defendant Toney with respect to provision of a trapeze bar and a toilet seat heightener.[11]

Next, Defendant Toney contends that Plaintiff has not stated a claim with respect to provision of medical care after Plaintiff's hip was dislocated and he was discharged back to PMU on November 3, 2007. The complaint indicates that upon his return to PMU, Plaintiff was in considerable pain because his hip was dislocated. The orthopedic team at MCV had left explicit instructions that Plaintiff should be returned on November 5, 2007 for surgery to fix Plaintiff's hip and relieve his distress. Nevertheless, Dr. Toney waited until November 12, 2007, to return Plaintiff to MCV for the surgery.

Dr. Toney contends that this slight delay is too insubstantial to support an Eighth Amendment claim. He is incorrect. Where an Eighth Amendment claim is predicated on a delay in the provision of medical care, Plaintiff must allege facts that plausibly suggest "'that the delay resulted in substantial harm.'" *Webb v. Hamidullah*, 281 F. App'x 159, 167 n.13 (4th Cir. 2008) (No. 06-7381) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)). "[T]he substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or

---

[11] Although not specifically addressed in the motion to dismiss, the Court concludes that Plaintiff also has stated an Eighth Amendment claim with respect to Dr. Toney's instructions to the staff not to assist Plaintiff in using the bathroom when his hip was dislocated. *See Martinez*, 443 F.2d at 924.

considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (citing cases).

Here, Plaintiff has alleged facts that indicate he suffered considerable pain because of the delay

in returning him to MCV for surgery. *See Hunt v. Sandhir, M.D.*, 295 F. App'x 584, 586 (4th

Cir. 2008) (No. 08-6457); *Sealock*, 218 F.3d at 1210. Defendant Toney's motion to dismiss will

be denied.

### III. Defendant Thomas's Motion For Summary Judgment

Summary judgment must be rendered "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the

responsibility of the party seeking summary judgment to inform the court of the basis for the

motion, and to identify the parts of the record which demonstrate the absence of a genuine issue

of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendant Thomas submitted an affidavit and moved for summary judgment on the

grounds that she does not remember Bowman and does not believe that she had any involvement

in determining his housing after his hip replacement surgery. (Def. Thomas's Br. in Supp. of

Mot. for Summ. J. 7.) Nevertheless, Defendant Thomas acknowledges:

> While there is a slight chance that I may have been minimally involved in discussions concerning [Plaintiff] (if I was in Richmond filling in for the Chief Nurse on the date(s) his case was being discussed), I would not have been the person responsible for making the decision regarding his housing assignment. Pursuant to Operating Procedure 720.2, the Office of Health Services Clinical Coordinator is the person responsible for transferring offenders either from a hospital, an infirmary, or a population to a facility that can provide the appropriate health care environment.

(Def.'s Br. in Supp. of Mot. for Summ. J. Thomas Aff. ¶ 6.) Plaintiff responded by submitting

two affidavits and some institutional correspondence. These submissions reflect that Defendant

14

Thomas was involved in making decisions regarding selecting the appropriate housing for Plaintiff after he had hip surgery.[12] Thus, there is a genuine issue of a material fact with respect to that issue. Because there is a genuine issue of material fact in dispute as to Defendant Thomas's personal involvement, the motion for summary judgement will be denied. Any party wishing to file a dispositive motion, must do so within sixty (60) days of the date of entry hereof.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 25, 2010
Richmond, Virginia

---

[12] Defendant Thomas did not comply the requirements of Rule 56(e)(1) by attaching a certified copy of Operating Procedure 720.2 to her affidavit. Therefore, the Court will not consider Defendant Thomas's argument that, under the appropriate VDOC Operating Procedures, she could not play a role in determining an appropriate facility for Plaintiff. *See Amr v. Va. State Univ.*, No. 3:07cv00628, 2009 WL 112829, at *10 (E.D. Va. Jan. 14, 2009), *aff'd* 331 F. App'x 194 (4th Cir. 2009) (No. 09-1184).