IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JAMES BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08CV449-HEH |
| ) | |
| GENE JOHNSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(Granting Defendant Sykes's Motion to Dismiss)

James Bowman, a former Virginia inmate, brings this 42 U.S.C. § 1983 action. Mr. Bowman has a history of hip problems, which he contends the medical staff did not adequately accommodate during his incarceration. The Court previously dismissed numerous claims by Mr. Bowman against additional defendants. The following claims remain in this action.

Claim 1   Ms. Thomas failed to ensure that Mr. Bowman was housed at an appropriate facility with appropriate medical equipment after Mr. Bowman's October 2, 2007 hip surgery.

Claim 2   Nurse Sykes failed to provide Mr. Bowman with adequate toilet facilities after Mr. Bowman's October 2, 2007 hip surgery.

The action is set for a jury trial on December 8, 2011. This matter is before the Court on the Motion to Dismiss filed by Defendant Sykes. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## I. Procedural History

On April 19, 2011, Defendant Sykes served on Mr. Bowman interrogatories and request for production of documents. Mr. Bowman's answers and responses were due on May 23, 2011. Mr. Bowman did not provide any answers or responses. During a June 17, 2011 phone call between Mr. Bowman and counsel for Defendant Sykes, Mr. Bowman advised counsel for Defendant Sykes that he did not intend to respond to the pending discovery until he retained counsel. On July 5, 2011, counsel for Defendant Sykes wrote Mr. Bowman a letter reminding him of the need to respond to the pending discovery. Additionally, counsel for Defendant Sykes informed Mr. Bowman that she would be filing a motion to compel on July 15, 2011, if she did not receive his responses to discovery by that date. Mr. Bowman did not respond. On July 15, 2011, Defendant Sykes filed a motion to compel Mr. Bowman to respond to the pending discovery requests. Mr. Bowman did not respond to the Motion to Compel.

By Order entered on August 2, 2011, the Court ordered Mr. Bowman to provide, without objections, full and complete answers to Defendant Sykes's interrogatories and complete responses to her request for production of documents within fourteen (14) days of the date of entry thereof. The Court warned Mr. Bowman that if he failed to comply with the terms of the August 2, 2011 Order, the Court would entertain a motion for appropriate sanctions.

On August 24, 2011, Defendant Sykes filed the present Motion to Dismiss. Defendant Sykes represents that Mr. Bowman has not provided any discovery responses. Defendant Sykes requests that the Court dismiss the action as a sanction for Mr. Bowman's complete failure to cooperate in discovery. Mr. Bowman has not responded to the Motion to Dismiss.

## II. Analysis

Federal Rule of Civil Procedure 37 authorizes a variety of sanctions, including dismissal, for a party's failure to obey an order to provide discovery.[1] The United States Court of Appeals for the Fourth Circuit has instructed that a district court must consider the following four factors in assessing the propriety of the sanction of dismissal with prejudice: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary; (3) the need for deterring the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions."

---

[1] These sanctions include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

*Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990) (citing *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989)).

Here, the first three factors warrant the dismissal of Mr. Bowman's claim against Defendant Sykes with prejudice. Despite Defendant Sykes's prodding, Mr. Bowman simply ignored his responsibility to provide Defendant Sykes with the requested discovery. *See Zornes v. Specialty Indus., Inc.*, No. 97-2337, 1998 WL 886997, at *6 (4th Cir. Dec. 21, 1998) (concluding bad faith evidenced by party's disregard of discovery deadlines, despite opposing party's "good faith prodding"). Moreover, Mr. Bowman has offered no excuse for his failure to abide by the Court's explicit directive to provide Defendant Sykes with the requested discovery.[2] Mr. Bowman clearly has acted in bad faith. *Green v. John Chatillon & Sons*, No. 98-1556, 1998 WL 736459, at *2 (4th Cir. Oct. 19, 1998). The information Defendant Sykes sought in her discovery is clearly material to her defense of the action.[3] Mr. Bowman's failure to provide such discovery has significantly prejudiced Defendant Sykes's ability to prepare for the trial scheduled for December 8, 2011. *See id.* at *2. Additionally, there is a strong need to convey to litigants, including Mr. Bowman, that they may not completely ignore their discovery

---

[2] The Court notes that Mr. Bowman has taken advantage of discovery to obtain documents from Defendant Sykes. (Dk. No. 100.) Mr. Bowman's failure to honor his reciprocal obligations and obey the Court's directives is particularly inexcusable.

[3] Defendant Sykes sought, among other things, Mr. Bowman's medical records pertaining to his alleged injuries and a detailed account of his interactions with Defendant Sykes during the period which gave rise to the present civil rights action.

4

obligations and the Court's orders with impunity. *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 ("ignoring the direct orders of the court . . . must obviously be deterred").

With respect to the last factor, neither Mr. Bowman nor the record suggests that any sanction less than dismissal would be effective to deter Mr. Bowman's conduct. For example, because Mr. Bowman is proceeding *in forma pauperis*, there is no suggestion that he would be capable of paying a monetary sanction. The Court is mindful that the severe sanction of dismissal with prejudice should be restricted to "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Id.* at 92. That is the case here.

Nevertheless, "before dismissing a case with prejudice, the district court must give the noncomplying party a[n] 'explicit and clear' warning of the consequences of failing to satisfy the court's conditions and orders." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993)). Because Mr. Bowman was not provided with such an explicit warning, dismissal with prejudice of his claim against Defendant Sykes is inappropriate at this time. Instead, Claim 2 will be dismissed *without prejudice* and the action will proceed solely on Mr. Bowman's claim against Defendant Thomas. *See Chang v. Burford*, No. 85-2224, 1986 WL 17844, at *2 (4th Cir. Oct. 9, 1986); *cf. T-Zikssari v. Glendening*, No. 93-1840, 1995 WL 371666, at *4 (4th Cir. June 21, 1995) (concluding district court abused its discretion in dismissing case with prejudice without first

considering lesser sanction of dismissal without prejudice); *Faulk v. Dixon*, No. 90-6683, 1991 WL 84048, at *1 (4th Cir. May 22, 1991) (same).

If Mr. Bowman chooses to file a new action raising Claim 2 against Defendant Sykes, he first must fully comply the Court's August 2, 2011 Order. Mr. Bowman is warned that should he attempt to refile Claim 2 against Defendant Sykes without first fully and completely complying with the Court's August 2, 2011 Order, the Court will dismiss his claim against Defendant Sykes with prejudice.

It is SO ORDERED.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 17, 2011
Richmond, Virginia